UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| LUIS O. LENFANT, JR. AND<br>ANGELINA U. LENFANT | CIVIL ACTION |
| VERSUS | NO: 07-8955 |
| LIBERTY MUTUAL INSURANCE COMPANY<br>AND BYRON'S PLUMBING | SECTION "B" (3) |

## ORDER AND REASONS

Before the Court is Plaintiffs' Motion to Remand. Rec. Doc. 5. Defendant, Liberty Mutual Insurance Company, filed an Opposition. Rec. Doc. 9. The Motion came for hearing without oral argument on February 27, 2008, and was submitted on the briefs. The Court having considered the memoranda and arguments of the parties, the record, the law, and applicable jurisprudence is fully advised in the premises and is ready to rule.

**I.   BACKGROUND**

Plaintiffs' property located at 6302 Beauregard Avenue in New Orleans, Louisiana was damaged during Hurricane Katrina. Plaintiffs were insured by Liberty Mutual Insurance Company (hereinafter, Liberty). After submitting satisfactory proof of loss, Liberty failed to fully pay Plaintiffs' claim. Plaintiffs filed a Petition for Declaratory Judgment and Damages in the Civil District Court, Parish of Orleans requesting a declaratory judgment finding that Liberty's policy provides coverage for all damages resulting from a hurricane and that any exclusion purporting to deny coverage is null and void. *See* Exhibit "1" at p. 2-3 attached to Rec. Doc. 1. Plaintiffs' state court action also requests that they be awarded attorneys' fees, costs, and the applicable penalties under LSA-R.S. § 22:658 and LSA-R.S. § 22:1220. Plaintiffs also seek damages for loss of use, loss of enjoyment, diminution in value, repair and remediation, business interruption and business loss,

and mental anguish.  *See* Exhibit "1" at p. 3-4 attached to Rec. Doc. 1.  Liberty is alleged to be a non-Louisiana insurer.

In addition to Liberty, Plaintiffs named Byron Plumbing, a Louisiana Corporation, as a Defendant.  The Petition alleges that this contractor billed and/or assessed repair damages and then billed Plaintiffs for the service.  However, it is alleged that there is a dispute between Liberty, Plaintiffs, and the contractor regarding whether charges and fees billed by the contractor are excessive, unfair, burdensome, and unjustified.  *See* Exhibit "1" attached to Rec. Doc. 1 at p. 4.  Accordingly, Plaintiffs seek a declaration from the Court that "all contractor fees and/or estimates are reasonable, justified and necessary...and that such repairs are covered by the contract of insurance."  *See* Exhibit "1" attached to Rec. Doc. 1 at p. 4.

Liberty removed the action to this Court alleging diversity of citizenship jurisdiction.  Rec. Doc. 1.  As to the Louisiana named contractor, the notice of removal alleges it is improperly joined and therefore, is not considered in the jurisdictional analysis.  Rec. Doc. 1.  The instant Motion to Remand followed.

Plaintiffs argue that the Petition for Damages is silent as to the amount in controversy and therefore, Liberty has the burden of demonstrating, by a preponderance of the evidence, that the actual amount in controversy exceeds $75,000.  Plaintiffs submit that Liberty has not met that burden and further that they are in the process of signing and filing a stipulation into the record affirming that their damages are not more than $75,000.  Finally, Plaintiffs submit that the while penalties and attorney's fees can be considered in determining whether the jurisdictional limit is met, in this instance, Liberty has failed to offer any documentation in support of that amount.  Rec. Doc. 5 at pp. 3-4. Liberty counters that the allegations in the Petition coupled with Plaintiffs' settlement

demand for the full unpaid policy limits of $213,450 plus $25,000 in loss of rental income demonstrate, by a preponderance of the evidence, that the amount in controversy is met. Rec. Doc. 9 at p. 4. Additionally, Liberty suggests that these amounts do not encompass the Plaintiffs' general damages nor do they encompass penalties and attorneys' fees. Rec. Doc. 9 at p. 4-5.

Neither party addresses the lack of diversity issue.

**II.   LAW AND ANALYSIS**

A defendant may generally remove a civil action filed in state court if the federal court has original jurisdiction over the action. 28 U.S.C. § 1441(a). However, a court must remand the case to state court if, at any time before final judgment, it appears that the district court lacks subject matter jurisdiction. 28 U.S.C. § 1441(c). The removing defendant bears the burden of demonstrating that federal jurisdiction exists and that removal is, therefore, proper. *Howery v. Allstate Ins. Co.,* 243 F. 3d 912, 916 (5th Cir. 2001). The removal statute should be strictly construed in favor of remand, and any ambiguities should be construed against removal. *Manguno v. Prudential Prop. and Cas. Ins. Co.*, 276 U.S. 720, 723 (5th Cir. 2002).

Typically, when a plaintiff alleges a damage figure in excess of the required amount in controversy, that amount controls if made in good faith. *Valobra v. State Farm Fire & Cas. Co.*, No. CIV.A.06-3278, 2006 WL 2710461, at *1 (E.D. La. Sept. 20, 2006) *citing St. Paul Mercury Idem. Co. v. Red Cab Co.,* 303 U.S. 283, 289 (1938). Similarly, if a plaintiff pleads damages less than the jurisdictional amount, this figure will also control, generally barring removal . *Id.; See also Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995).

Louisiana law does not permit a plaintiff to plead a specific amount of money damages. *See Atkins v. Lexington Ins. Co.*, No. CIV.A.06-1254, 2006 WL 1968895, at *2 (E.D. La. 2006).

Therefore, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000. *Id. citing Simon v. Wal-Mart Stores*, 193 F.3d 848, 850 (5th Cir. 1999). A defendant satisfies this burden either by showing that it is facially apparent that the plaintiff's claims exceed the jurisdictional amount or by setting forth the facts in dispute supporting a finding that the jurisdictional amount is satisfied. *Id. citing Allen*, 63 F.3d at 1335. In those instances where the requisite jurisdictional amount is ambiguous or uncertain at the time of removal, post-removal affidavits sometimes can be relevant . *Asociacion Nacional De Pescadores v. Dow Quimica*, 988 F.2d 559, 565 (5th Cir. 1993).

    Liberty has demonstrated that the amount in controversy is met. The Petition for Damages does not state a definite amount of damages in accordance with Louisiana law. However, it does request that a finding be made that the policy in question applies to "all losses" sustained by Hurricane Katrina and that any exclusions be declared "null and void." *See* Exhibit "1" attached to Rec. Doc. 1 at paragraph XV. Thus, the Petition for Damages requests full coverage available under the policy. Further, attached to the notice of removal is a correspondence indicating that Plaintiffs' property suffered a "total loss" and demand was made to Liberty by Plaintiffs requesting their full policy limit. *See* Exhibit "D" attached to Rec. Doc. 1 at 19, 20, 21. Plaintiffs also requested "loss of rents" because the property was uninhabitable and their tenants were unable to occupy the property. *Id.* Liberty also attaches the policy's Declarations page indicating that there was $214,200 in coverage available to the Plaintiffs at the time of Hurricane Katrina. *See* Exhibit "C" attached to Rec. Doc. 1 at p. 16. In addition to evidence demonstrating that Plaintiffs seek this full amount, Liberty also has attached a correspondence indicating Plaintiffs' demand for $25,000 in "Loss of Rents" payments. Of course, these amounts do not include Plaintiffs' general damage claim nor the

penalty amounts, if applicable.

Plaintiffs submit no evidence to counter that provided by Liberty. Plaintiffs only contend that they will enter a stipulation into the record attesting that they are not seeking damages in excess of $75,000. No such stipulation has been entered to date. Based upon the evidence presented by Liberty, the Court finds that the requisite amount in controversy is met, and the Motion to Remand is **DENIED**.

The parties did not brief the issue of diversity of the parties. However, the Court must review whether the parties are diverse to determine whether it has jurisdiction. Liberty's notice of removal alleges that the non-diverse defendant is fraudulently joined. Plaintiffs' Motion to Remand fails to address the citizenship of the parties. Thus, the parties will be given additional time to brief the diversity of citizenship issue in order for the Court to examine its jurisdiction.

Accordingly,

**IT IS ORDERED** that Plaintiffs' Motion to Remand is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiffs submit a memorandum to the Court on or before ten days of the date this Order is signed addressing the fraudulent joinder issue. Liberty is then given ten days thereafter to respond.

New Orleans, Louisiana, 28th day of April, 2008.

**JUDGE IVAN LEMELLE**
**UNITED STATES DISTRICT JUDGE**